# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| CHARLOTTE STEPHENS, | § § | |
| v. | § § | CIVIL ACTION NO. 4:18-cv-00595 |
| | § | Judge Mazzant |
| SAFECO INSURANCE COMPANY OF INDIANA AND DAMON EDWARD BAKER. | § § § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion to Remand and Brief in Support (Dkt. #11). The present action is an insurance coverage dispute initially brought in state court by Plaintiff–insured Charlotte Stephens against diverse Defendant–insurer Safeco Insurance Company of Indiana ("Safeco") and non-diverse Defendant–adjuster Damon Edward Baker. The Texas Legislature recently amended the Texas Insurance Code to add Section 542A.006, which authorizes an insurer to elect to accept full legal responsibility of an adjuster's acts or omissions and mandates that the adjuster be thereafter dismissed from any action to which they are a party. *See* TEX. INS. CODE § 542A.006. This amendment spawns a novel question regarding removal based on diversity of citizenship under 28 U.S.C. §§1332(a), 1441(a), and 1446. Namely, whether an action instituted in state court against a diverse insurer and a non-diverse adjuster—nonremovable to federal court due to the lack of diversity of citizenship—becomes removable upon, and solely because of, the diverse insurer's election to accept complete liability of the non-diverse adjuster. The Court, having considered the motion, relevant pleadings, and evidence, finds that it does not. The present action should therefore be remanded to the 429th District Court of Collin County, Texas.

# BACKGROUND

Safeco issued Stephens a property insurance policy (the "Policy") to insure Stephens's property located at 33 Crown Place, Richardson, Collin County, Texas (the "Property"), against hail and windstorm damage. On or about March 24, 2016, a hailstorm and/or windstorm struck Collin County, Texas. Stephens alleges that the Property sustained extensive damage to the roof and interior, prompting her to submit a claim to Safeco. Stephens requested that pursuant to the Policy, Safeco cover the costs to replace the roof, repair the Property's interior, and perform any necessary repairs.

Safeco assigned Baker as the individual adjuster on the claim. According to Stephens, on or about April 8, 2016, Baker inspected the Property and determined that the composition roof required a full replacement and that minor repairs needed be made to the flat portion of the roof instead of a full replacement. Stephens further alleges that even though the flat roofing portion needed to be immediately replaced, Baker insisted that minor repairs be made before a full replacement. Safeco approved payment on the claim, and, pursuant Baker's instruction, Stephens used the funds designated for the composition roof replacement and interior damage to repair the flat roofing. Stephens alleges that the repairs were insufficient and the Property required further attention. Stephens contends Baker was improperly trained and conducted a substandard inspection that failed to accurately account for all of the Property's damages. Stephens further argues that Safeco failed to thoroughly review Baker's assessment and to properly supervise his work, which led to the approval of an inadequate adjustment and a wrongful partial denial of Stephens's claim.

On July 27, 2018,[1] Stephens sued Safeco and Baker in the 429th District Court in Collin County, Texas, alleging multiple violations of the of the Texas Insurance Code, breach of contract, and breach of the duty of good faith and fair dealing. On August 17, 2018, Safeco provided Stephens with formal notice of its election under Texas Insurance Code Section 542A.006 to accept legal responsibility and liability for Baker. On August 20, 2018, Safeco removed the case to the United States District Court for the Eastern District of Texas and contemporaneously filed a motion to dismiss (Dkt. #1) Baker from the suit arguing that the adjuster is improperly joined. Stephens and Baker are citizens of the State of Texas, and Safeco is organized under the laws of the State of Indiana with its principal place of business in Boston, Massachusetts. On September 27, 2018, Stephens filed the present motion to remand (Dkt. #11) arguing that the voluntary-involuntary rule bars the action's removal.[2]

**LEGAL STANDARD**

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "Only state court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing 28 U.S.C. § 1441(a)). "In an action that has been removed to federal court, a district court is required to remand the case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction." *Humphrey v. Tex. Gas Serv.*, No. 1:14-CV-485, 2014 WL 12687831, at *2 (E.D. Tex. Dec. 11, 2014) (citations omitted). The Court "must presume that a suit lies outside [its] limited

---

[1] Section 542A.006 of the Texas Insurance Code was made effective for actions filed on or after September 1, 2017.
[2] Defendants failed to respond to Stephens's motion to remand, notwithstanding being directed to by the Court (Dkt. #15).

jurisdiction," *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001), and "[a]ny ambiguities are construed against removal and in favor of remand to state court." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)). "When considering a motion to remand, the removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Humphrey*, 2014 WL 12687831, at *2 (quoting *Manguno*, 276 F.3d at 723).

## ANALYSIS

The central issue before the Court is whether an action non-removable when commenced due to the lack of complete diversity among the parties, becomes removable based *solely* on a diverse insurer's election to accept complete liability of a non-diverse adjuster. On September 1, 2017, the Texas Legislature enacted Section 542A.006 of the Texas Insurance Code, which affords an insurer the option to elect to assume legal responsibility for the acts and omissions of an adjuster. The statute provides, in pertinent part:

> (a) . . . in an action to which this chapter applies, an insurer that is a party to the action may elect to accept whatever liability an agent might have to the claimant for the agent's acts or omissions related to the claim by providing written notice to the claimant.
> (b) If an insurer makes an election . . . before a claimant files an action . . . no cause of action exists against the agent related to the claimant's claim, and, if the claimant files an action against the agent, the court shall dismiss that action with prejudice.
> (c) If a claimant files an action . . . against an agent and the insurer thereafter makes an election . . . the court shall dismiss the action against the agent with prejudice.
> . . . .
> (e) An insurer's election under Subsection (a) is ineffective to obtain the dismissal of an action against an agent if the insurer's election is conditioned in a way that will result in the insurer avoiding liability for any claim-related damage caused to the claimant by the agent's acts or omissions.

TEX. INS. CODE § 542A.006(a)–(c), (e). It is undisputed that Baker's impending dismissal creates complete diversity; the only issue is whether the action also becomes removable. To this point, the federal removal statute 28 U.S.C. § 1446 provides:

4

> (3) . . . if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446.

Safeco argues that Baker's dismissal establishes diversity jurisdiction thus deeming the action removable. Stephens responds that the voluntary-involuntary rule bars removal *solely* because neither Safeco's elections nor Baker's dismissal were her own voluntary acts.[3] Safeco maintains that the voluntary-involuntary rule is inapplicable because Baker was improperly joined based on Stephens's inability to recover against the adjuster. The Court addresses these arguments in turn.

## I. Voluntary-Involuntary Rule

The judicially-created voluntary-involuntary rule has its origin in two Supreme Court cases that collectively established that "a case nonremovable on the initial pleadings [may] become removable only pursuant to a voluntary act of plaintiff." *Weems v. Louis Dreyfus Corp.*, 380 F.2d 545, 547 (5th Cir. 1967) (citing *Powers v. Chesapeake & O. Ry.*, 169 U.S. 92 (1898); *Whitcomb v. Smithson*, 175 U.S. 635 (1900)). The Fifth Circuit first addressed this precedent in *Weems* and

---

[3] The Court notes that the present action slightly differs from the common voluntary-involuntary context because Baker was still a party when the case was removed. Typically, a plaintiff commences an action in state court against a diverse defendant and a non-diverse defendant—thus non-removable due to lack of diversity citizenship. The non-diverse defendant is subsequently dismissed, which establishes complete diversity, and the diverse defendant removes the case to federal court. The plaintiff thereafter files a motion to remand arguing that the voluntary-involuntary rule requires that the action be sent back to the state court because it did not become removable upon any voluntary act of her own. Here, Baker's nominal status as a party at the time of removal is inconsequential because the Texas Insurance Code is clear that an adjuster must be dismissed if an insurer makes an election. The fact that the case was removed before the state court executed this statutory obligation does not render Baker's dismissal any less inevitable. Further, this procedural technicality does not affect the Court's analysis because the decisive issue is whether Baker is improperly joined. As discussed herein, improper joinder is an exception to the voluntary-involuntary rule. Therefore, if the Court finds that the voluntary-involuntary rule applies, the Court must decide whether the improper joinder exception nevertheless permits removal. Conversely, if the Court finds that the voluntary-involuntary rule does not apply because Baker is still a party to the action, the Court must likewise engage in an improper joinder inquiry to determine if Baker is improperly preventing removal. Either situation will yield the same analysis and result.

5

held that an action commenced in state court against a non-diverse defendant and a diverse defendant—nonremovable to federal court when commenced due to lack of diversity of citizenship—could not thereafter be removed when the non-diverse defendant was dismissed by means of a directed verdict. *See Weems*, 380 F.2d at 548. Since *Weems*, the Court has found few cases in which the Fifth Circuit has considered the propriety of the voluntary-involuntary rule. And, of those, the Court is aware of no case in which the Fifth Circuit allowed removal when a non-diverse defendant was dismissed based on an involuntary act of a plaintiff.

Here, Safeco's election and Baker's dismissal are undoubtedly involuntary acts of Stephens. The Texas Insurance Code Section 542A.006 confers Safeco, as an insurer, unabridged discretion in deciding whether to elect to accept legal liability of Baker, its agent/adjuster. *See* TEX. INS. CODE § 542A.006. Safeco's decision is not contingent on and does not anticipate Stephens's assent. Section 542A.006, moreover, provides no indication that Stephens may decline Safeco's election, and requires that a court dismiss Baker if an election is made. *Id*. This entire process is done without Stephens's agreement, contrary to her wishes, and is therefore involuntary. This, however, does not end the Court's inquiry because Safeco argues that Baker was improperly joined—a recognized exception to the voluntary-involuntary rule. The Court now turns to these arguments.

## II. Improper Joinder

### A. Safeco's Arguments

Courts have long excluded plaintiffs who improperly join non-diverse defendants from the protections of the voluntary-involuntary rule. *See Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006) (citing *Insinga v. LaBella*, 845 F.2d 249, 254 (11th Cir. 1988)). The Fifth Circuit has held that "the fraudulent joinder exception to the voluntary-involuntary rule is

designed to prevent plaintiffs from blocking removal by joining nondiverse and/or in-state defendants who should not be parties." *Crockett*, 436 F.3d at 533. As to not limit this exception exclusively to defendants who were fraudulently joined—which suggests scienter—the Fifth Circuit further explained that the "salutary purpose is also served by recognizing an exception to the voluntary-involuntary rule where defendants are improperly, though not fraudulently, joined." *Id*. To summate, the principle behind the improper joinder exception is straightforward: a plaintiff may not argue that removal is barred because a non-diverse defendant's dismissal was involuntary when the non-diverse defendant should have never been party to the action to begin with. If a court determines that a non-diverse defendant who is preventing removal is improperly joined, that defendant is dismissed without prejudice for lack of subject matter jurisdiction and the court will allow removal if complete diversity otherwise exists. *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 200 (5th Cir. 2016) ("[T]he dismissal of a nondiverse party over whom the court does not have jurisdiction must be a dismissal without prejudice in every instance.).

"Improper joinder may be established in two ways: (1) actual fraud in the pleading of jurisdictional facts; or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004). Here, Safeco argues the latter. Safeco can carry its heavy burden of showing that Stephens is unable to establish a cause of action against Baker by demonstrating that the Stephens has "no possibility of recovery . . . which stated differently *means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant*." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (emphasis in original).

7

Safeco, however, does not challenge Baker's joinder. Rather, Safeco only contends that because Section 542A.006 mandates that Baker be dismissed from the action, there is no reasonable basis to predict that Stephens might be able to recover against him, and thus Baker is, by definition, improperly joined. This conclusion wholly disregards the joinder itself and, instead, proposes that the Court adopt a blanket "no possibility of recovery" rule as dispositive to an improper joinder analysis. This contradicts binding Fifth Circuit precedent that has rejected similar propositions and emphasized that the focal point of an improper joinder analysis is the joinder. *See Smallwood*, 385 F.3d at 573 (holding that "[s]ince the purpose of the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined, the focus of the inquiry must be on the joinder . . . ."). The Court, therefore, declines to accept Safeco's interpretation.

Safeco's contention conflates the propriety of an improper joinder inquiry with the method of showing that a party is improperly joined. The distinction is subtle but crucial. *See Smallwood*, 385 F.3d at 574 ("A claim of improper joinder by definition is directed toward the joinder of the in-state party, a simple but easily obscured concept."). The Court's inquiry as to whether Baker was improperly joined is contingent on Baker's joinder being challenged and not merely whether Stephens is unable to recover against him. Put another way, it is insufficient for Safeco to concede, or at least not challenge, that Baker is properly joined, but nevertheless argue that the Court should dismiss him as improperly joined because Stephens cannot recover against him due to events that occurred subsequent to the joinder. For better context, an abridged version of Safeco's argument is as follows: Baker was properly joined when Stephens commenced the action in state court—not disputing that Stephens asserted viable claims against the adjuster; after the proper joinder, Safeco made an election under Section 542A.006—thereafter foreclosing on any possibility of Stephens

8

to recover against Baker; removal should now be allowed on the basis that Baker was improperly joined. The Court cannot accept this argument as reasonable under the law or logic. Whether a non-diverse defendant is improperly joined is a binary question; the defendant is either a proper party when joined to suit or the defendant is an improper party when joined to the suit. Indeed, a diverse defendant arguing improper joinder has the heavy burden of showing that, while a non-diverse defendant is facially a proper party to an action, the relevant laws and jurisdictional facts—whether known or unknown, but certainly existing, at the time of the joinder—establish that the non-diverse defendant is an improper party and should not have been joined to the suit. It does not follow that a non-diverse defendant that is initially properly joined may become initially improperly joined. Again, the focus must be on the joinder.

   B. *Smallwood* **Implications**

Likely because Section 542A.006 is a recent addition, the Court is unaware of any Fifth Circuit case that has considered this unique issue. The Fifth Circuit in *Smallwood*, however, refused to expand the improper joinder inquiry to include a similar rule that disregarded the joinder of the parties, and alternatively proclaimed that a non-diverse defendant is improperly joined if the plaintiff has no possibility of recovery against that non-diverse defendant. *See Smallwood*, 385 F.3d at 574. In *Smallwood*, the Fifth Circuit articulated the "common defense doctrine," which contends that if the only showing made by a diverse defendant is that an in-state defendant had been improperly joined because the plaintiff's state law claims against the in-state defendant were preempted by a federal law that equally disposed of the plaintiff's state law claims against the diverse defendant, then there was no improper joinder of in-state defendant. The case simply lacked merit. *Smallwood* emphasized that an improper joinder inquiry must focus on the joinder and therefore if a diverse defendant shows that there is no possibility of recovery against all

9

defendants, then a non-diverse defendant could not be found to be improperly joined. *Id*. In pertinent part, the Fifth Circuit explained:

> To justify removal on improper joinder grounds, Illinois Central was required to prove that the joinder of MDOT was improper. Illinois Central, however, brought no contention going to the propriety of the joinder. Rather, the basis of its contention that Smallwood could not recover went, in fact, to the entire case, although it was first directed to Smallwood's claims against MDOT.
> . . . .
> A claim of improper joinder by definition is directed toward the joinder of the in-state party, a simple but easily obscured concept. The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper. Nevertheless, when, on a motion to remand, a showing that compels a holding that there is no reasonable basis for predicting that state law would allow the plaintiff to recover against the in-state defendant necessarily compels the same result for the nonresident defendant, there is no improper joinder; there is only a lawsuit lacking in merit. In such cases, it makes little sense to single out the in-state defendants as "sham" defendants and call their joinder improper.

*Id.* Under Safeco's argument, the *Smallwood* Court would have reached the opposite conclusion. That is, if the Fifth Circuit blindly applied a "no possibility of recover" test, the action would have been removeable and the non-diverse defendant would have been dismissed, irrespective of the diverse defendants. Although the present action does not contemplate the "common defense doctrine," *Smallwood* illustrates the principles driving an improper joinder inquiry that are applicable in the present action.

*Smallwood* further emphasized that "[t]he doctrine of improper joinder implements our duty to not allow manipulation of our jurisdiction." *Smallwood*, 385 F.3d at 574. Allowing Safeco, or any insurer, to remove the action pursuant to an election that, though could have been made pre-suit, is made only after action commences in state court, gives an insurer–defendant the discretion as to where the case will be litigated. For example, defendants may choose to elect pre-suit, which guarantees that the suit will be removable when filed. Defendants may choose to elect after the suit is filed and decide whether to stay in state court or remove to federal court. Defendants may

10

choose to not elect and nevertheless remove the case arguing that a non-diverse defendant was improperly joined on grounds independent of Section 542A.006. Though courts have continued to recognize a defendant's right to remove a case to federal court, that right may not improperly deprive a plaintiff of her fundamental right to choose the forum to litigate her case.

### C. Other Courts

The Court found only a handful of district courts in this circuit, though not within this district, that have considered this narrow issue under similar facts. Among these, there is a split in rulings with a Southern District of Texas court finding no improper joinder and remanding the case, and, conversely, a court in the Western District of Texas allowing the removal under similar arguments set forth by Safeco. *Compare Massey v. Allstate Vehicle & Property Ins. Co.*, No. H-18-1144, 2018 WL 3017431, at *4 (S.D. Tex. June 18, 2018) *with Flores v. Allstate Vehicle & Property Ins. Co.*, No. SA-18-CV-742-XR, 2018 WL 5695553, at *1 (W.D. Tex. Oct. 31, 2018); *Electro Grafix Corp. v. Acadia Ins. Co.*, No. SA-18-CA-589-XR, 2018 WL 3865416, at *3–*4 (W.D. Tex. Aug. 14, 2018).

In *Massey*, the diverse defendant–insurer attempted to remove the action to federal court upon its election under Section 542A.006 and the non-diverse adjuster's dismissal. *See Massey*, 2018 WL 3017431, at *2. The election was made after the plaintiff–insured commenced suit in state court, and the federal court found that the non-diverse adjuster–defendant's dismissal was involuntary thus invoking the protections of the voluntary-involuntary rule. *Id.* at *4. In *Massey*, however, the diverse defendant–insurer expressly conceded that the adjuster was properly joined, and therefore the court did not consider the propriety of the improper joinder exception and remanded the case. *Id.* The Court agrees with *Massey*.

11

The most contrary ruling comes out of the Western District of Texas. The district court first considered removal based on an election made under Section 542A.006 in *Electro Graft*. *See Electro Grafix*, 2018 WL 3865416, at *1. There, the diverse defendant–insurer made an election to accept legal responsibility of the non-diverse defendant–adjuster before suit was filed in state court. *Id*. The court found that after having notice the insurer's election, the plaintiff nevertheless joined the adjuster to the suit. The court held the joinder was improper and explained that "[g]iven that any claim that Plaintiff makes against [the non-diverse defendant–adjuster] will be dismissed under § 542A.006(c), the Court finds that [the diverse defendant–insurer] has met its burden to show that there is no reasonable basis to predict that Plaintiff might be able to recover against [the non-diverse defendant–adjuster." *Id*. at *4.

The same court revisited this issue in *Flores*. *See Flores*, 2018 WL 5695553, at *1. Similar the present action and *Massey*, the diverse defendant–insurer in *Flores* elected to accept responsibility of the non-diverse defendant–adjuster after the plaintiff-insured commenced action in state court. *Id*. The *Flores* court cited its *Electro Grafix* decision and determined that "[t]his Court has previously held that, even when a plaintiff asserts viable claims against an insurance agent, an election of liability by the insurer for the agent's acts or omissions is sufficient to show improper joinder on the basis that there is no reasonable basis to predict that the plaintiff might be able to recover against the agent." *Id*. at *5 (citing *Electro Grafix*, 2018 WL 3865416, at *3–*4). The *Flores* court further stated that *Electro Grafix* "found that a dismissal under § 542A.006 is appropriately viewed as a dismissal for improper joinder and thus the state court's dismissal order is tantamount to a dismissal for improper joinder . . . ." *Id*. *Flores'* reliance on *Electro Grafix*, however, is misplaced because the diverse defendant–insurer in *Electro Grafix* made the election before the plaintiff-insured commenced action in state court. The timing of an insurer's election

is critical to a court's improper joinder inquiry. That is, whether an insurer's election to accept full liability of an adjuster is tantamount to a finding of improper joinder turns on if it was made prior to or after the state court action was commenced.

The Court agrees with *Electro Grafix* in so much as it propositions that if a diverse defendant–insurer makes the election *before* the insured files suit in state court, then a dismissal under Section 542A.006 is tantamount to a finding of improper joinder if a plaintiff–insured attempts to add the non-diverse adjuster to an action. This is because the Texas Insurance Code forecloses on any ability to recover against an adjuster if an insurer makes an election. Therefore, if the election is made pre-suit, an adjuster subsequently joined is joined when state law mandates that there can be no viable claims against him. If, however, the election is made after an insured commences action, a diverse defendant–insurer cannot rely solely on the fact that the insured is now prohibited from recovering against the non-diverse adjuster. An election made after suit commences does not challenge the joinder of the non-diverse adjuster and, as a result, has no bearing on whether a plaintiff–insured asserted viable claims against the non-diverse adjuster when joining him to the action. Simply put, if an insurer elects to accept full responsibility of an agent/adjuster after the insured commences action in state court, the insurer must prove that the non-diverse adjuster is improperly joined for reasons independent of the election made under Section 542A.006 of the Texas Insurance Code.

## CONCLUSION

For the abovementioned reasons, the voluntary-involuntary rule bars the present action's removal because neither Safeco's election nor Baker's impending dismissal are voluntary acts of Stephens. Further, Safeco failed to carry its burden of showing that Baker is improperly joined as to establish an exception to the voluntary-involuntary rule. In fact, Safeco fails challenge Baker's

joinder at all. It is therefore **ORDERED** that Plaintiff's Motion to Remand and Brief in Support (Dkt. #11) is hereby **GRANTED** and this case is **REMANDED** to the 429th District Court of Collin County, Texas.[4]

**SIGNED this 4th day of January, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

---

[4] The Court's ruling herein does not disturb its previous decisions that have denied a plaintiff–insured's motion to remand upon finding that a non-diverse defendant–adjuster was improperly joined. Here, the Court is narrowly holding that a diverse defendant–insurer cannot rely solely on an election made after a plaintiff–insured commences suit in state court to show that a non-diverse adjuster is improperly joined on the basis that the insured now has no reasonable basis from recovering against the adjuster. Indeed, a non-diverse insurer may make the election after suit is filed in state court and still remove the case if it shows that the non-diverse adjuster is improperly joined for reasons other than an inability of the insured to recover due to the election being made.